# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MITCHELL BEAU SHED,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-383-RAW |
| | ) |
| **STATE OF OKLAHOMA** *ex rel* | ) |
| **Oklahoma Department of Human** | ) |
| **Services, et al.,** | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of defendant Oklahoma Department of Human Services ("DHS") to dismiss. This lawsuit commenced in the District Court for Muskogee County, when plaintiff filed his petition on June 27, 2016. The action was removed to this court and plaintiff filed an amended complaint on October 26, 2016. Plaintiff makes wide-ranging allegations against various defendants. As to the present movant, plaintiff alleges *respondeat superior* liability for the conduct of employees Tracy Murphy and Sommer Purdom. The claims are (1) malicious prosecution in violation of Art. 2, Section 30 of the Oklahoma Constitution, (2) familial interference in violation of Art. 2, Section 7 of the Oklahoma Constitution, and (3) liability under the Oklahoma Governmental Tort Claims Act ("OGTCA").

The pertinent allegations as to this motion are set forth in the companion order ruling

on the motion to dismiss of Murphy and Purdom as individuals. In the same order, the court has recited the applicable standard regarding a Rule 12(b)(6) motion.

The constitutional claims at issue are based on *Bosh v. Cherokee County Building Authority,* 305 P.3d 994 (Okla.2013), in which the court recognized a private right of action for excessive-force claims by inmates under the Oklahoma Constitution, notwithstanding the requirements and limitations of the OGTCA. *Id.* at 1001-02. The court also stated: "The common law theory of *respondeat superior* applies to municipal liability under such an action when an employee of a municipality uses excessive force within the scope of employment." *Id.* at 1004. "An employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer." *Id.* at 998 n.14.

In his response to the motion to dismiss of Murphy and Purdom, plaintiff states that "[i]n this case, Plaintiff alleges that Tracy Murphy and Sommer Purdom falsified testimony and they acted outside the scope of their employment." (#44 at 2). An entity "may not be held liable under *respondeat superior* doctrine – under either the OGTCA or *Bosh* – unless the [employees] were acting *within* the scope of their employment." *Tracewell v. Silver,* 2017 WL 58841, *4 (N.D.Okla.2017)(emphasis in original). Of course, the court need not treat a sentence in a brief as an intentional stipulation. Even independently reaching a conclusion that the alleged conduct was outside the scope of employment (which this court does) the *respondeat superior* claims would fail for the reason stated above. On the other

hand, assuming arguendo that the conduct of falsifying testimony could be said to be within the scope of employment[1], the claims fail against exemptions under OGTCA. For example, the actual removal of the children was pursuant to court order. Pursuant to 51 O.S. §155(3), such conduct is exempt from liability.

In the alternative, the court finds plaintiff's *Bosh* claim of familial interference is time-barred. The applicable statute of limitations is two years, pursuant to 12 O.S. §95(A)(3). *See Williams v. City of Tulsa,* 2014 WL 2738425, *2 (N.D.Okla.2014). The minor children were returned in December of 2012. (#26 at ¶45).[2] The attendant claim under the OGTCA is also time-barred. A claimant must provide notice of a loss or injury to the state or political subdivision within one year after the loss or injury. 51 O.S. §156(B). Plaintiff served notice on October 1, 2015. (#26 at ¶9).

---

[1] *Compare Garst v. Univ. of Oklahoma,* 38 P.3d 927, 931 (Okla.Civ.App.2001)(tort of intentional misrepresentation cannot be committed by a state employee while acting within the scope of employment)*with Mbong v. JPMorgan Chase Bank, N.A.,* 2010 WL 3931153, *2-3 (rejecting the proposition that an intentional misrepresentation by an employee is necessarily outside the scope of employment). Under the allegations of the amended complaint, it appears the intentional misrepresentations alleged would necessarily be accompanied by malice, which would place them outside the scope of employment even under the analysis of the *Mbong* court. This court finds the alleged conduct outside the scope of employment as a matter of law.

[2] The *Bosh* claim of malicious prosecution is not time-barred, because that claim did not accrue until the criminal proceedings terminated in plaintiff's favor. *Myers v. Koopman,* 738 F.3d 1190, 1194 (10th Cir.2013). This did not take place until June, 2015 (#26 at ¶47).

It is the order of the court that the motion to dismiss (#39) is hereby granted. Oklahoma Department of Human Services is terminated as a party defendant.

**IT IS SO ORDERED** this 25th day of APRIL, 2017.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma