# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MITCHELL BEAU SHED, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-16-383-RAW |
| STATE OF OKLAHOMA *ex rel* Oklahoma Department of Human Services, et al., | ) ) ) ) |  |
| Defendants. | ) ) |  |

## ORDER

Before the court is the motion of defendants Kermit Thomas and Town of Haskell for summary judgment (Dkt. # 91). Plaintiff filed a response on June 12, 2017 (Dkt. # 99). Defendants filed a reply on June 16, 2017 (Dkt. # 103). This lawsuit commenced in the District Court for Muskogee County, when plaintiff filed his petition on June 27, 2016. The action was removed to this court and plaintiff filed an amended complaint on October 26, 2016.

### Statement of Undisputed Facts

1. Defendant Thomas is a certified police officer for the Town of Haskell, Oklahoma.

2. On or about May 5, 2012, Defendant Thomas was contacted by Oklahoma DHS employee Tracy Murphy, who advised DHS had received information regarding a possible sexual assault of a five-year old girl in the Town of Haskell.

1

3. Defendant Thomas was asked by the DHS employee to attend a forensic interview of KP, and her three-year old sister on May 7, 2012, at 11:30 a.m., at the Kids Space Center in Muskogee, Oklahoma.

4. Defendant Thomas attended the interview, but viewed it on the other side of a two-way mirror. He did not participate in the questioning of KP.

5. During the initial interview, Defendant Thomas heard KP say that Plaintiff had put his hand under her night dress and was digging in her. KP demonstrated with male and female dolls what had occurred by putting the male doll's hand under the dress of the female doll and moving the hand up and down.

6. Defendant Thomas also observed the interview of KP's mother, Jessica Shed, who stated KP had never told her anyone had touched her private area.

7. Defendant Thomas interviewed plaintiff regarding the allegations on May 9, 2012 at the Haskell Police Department. Plaintiff was accompanied by legal counsel and Mirandized. Plaintiff denied touching KP or her sister except for washing their hair while bathing them.

8. On June 13, 2012, a one count information was filed in Muskogee County District Court, case number CF-2012-508, naming plaintiff as the defendant, and listing as count one: CHILD SEXUAL ABUSE-21 O.S. 843.5(E) a FELONY.

9. Simultaneously filed with the information and the affidavit of Defendant Thomas was a pleading entitled "FINDING OF PROBABLE CAUSE," signed by a Muskogee County District Court Judge.

10. On August 31, 2012, a preliminary hearing was held. Defendant Thomas did not testify. The victim, KP, did testify at the preliminary hearing.

11. Following the hearing, Plaintiff was bound over for trial.

Legal Analysis

Summary judgment is appropriate where there is no dispute of material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When evaluating a motion for summary judgment, this Court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). The party opposing summary judgment, however, "may not rest upon mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

I. Section 1983 Malicious Prosecution Claim

Section 1983 provides a federal civil remedy for the "deprivation of any rights, privileges, or immunities secured by the Constitution" by any person acting under color of state law. 42 U.S.C. § 1983. The elements of a § 1983 malicious prosecution claim are: 1) the defendant caused the plaintiff's continued confinement or prosecution; 2) the original action terminated in favor of the plaintiff; 3) there was no probable cause to support the original arrest, continued confinement, or prosecution; 4) the defendant acted with malice; and 5) the plaintiff sustained damages. *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)(citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007).

The Tenth Circuit has held "it is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-156, 98 S.Ct. 2674, 2676-77, 57 L.Ed.2d 667 (1978)). A Fourth Amendment violation also occurs if information is "knowingly or recklessly omitted from the affidavit" which, if included, would have vitiated probable cause. *Id*. (citing *Stewart v. Donges*, 915 F.2d 572, 581-83 (10th Cir. 1990)). Where information has been omitted from an arrest warrant affidavit, the court must determine the existence of probable cause "by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." *Id*.

4

In this case, Plaintiff alleges "Thomas obtained an arrest warrant for the Plaintiff by knowingly omitting a recantation." (Dkt. # 99, at p. 7). Specifically, after providing significant details[1] during her interview regarding where plaintiff touched her and demonstrating with male and female dolls what had occurred, who she told, and that plaintiff had touched her baby brothers, the 5 year old stated the following:

> MS. PURDOM: Okay. Have you seen [plaintiff] touch anyone else that you know?
>
> KP: No.
>
> MS. PURDOM: Okay. Did [plaintiff] touch you anywhere else?
>
> KP: [Plaintiff] hasn't touched nobody.
>
> MS. PURDOM: [Plaintiff] didn't touch anybody?
>
> KP: No.

Dkt. # 99-2, at pp. 34-35 (Transcript pages 133-134).

Contrary to plaintiff's position, based upon the details which the child gave regarding what was done to her, this court finds Defendant Thomas had probable cause,[2] when he prepared his affidavit and submitted it to the district attorney's office, to believe an offense had been committed against KP. Discrepancies in the child's statements did nothing to undermine the solid core of the child's statements regarding what was actually done to her

---

[1] *See*, Dkt. # 99-2 (Transcript of Deposition of Kermit Thomas III, at transcript pages 128-134.) *See also,* Dkt. # 91-6 at p. 34.

[2] "The standard of probable cause does not require indubitable or necessarily convincing evidence, but only so much "reasonably trustworthy information" as "to warrant a prudent man in believing that the [arrestee has] committed or [is] committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).

for purpose of determining probable cause for issuance of warrant. *See*, *Easton v. City of Boulder*, 776 F.2d 1441, 1450 (10th Cir. 1985). Rather, the relevant question is "whether a substantial probability existed that the suspect committed the crime, requiring more than a bare suspicion." *Hopper v. Fenton*, 665 Fed.Appx. 685, 686 (10th Cir. 2016) (quoting *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011). *See also*, *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997)(court distinguishes between a recantation which eliminates the basis for conviction and a contradiction or inconsistency in trial testimony). There can be no doubt that KP did not recant her statements regarding what plaintiff did to her.

Plaintiff has failed to provide any evidence to establish that Defendant Thomas either knowingly or recklessly omitted "material" information from his affidavit supporting plaintiff's arrest. In fact, after hearing the victim's testimony at the preliminary hearing, the judge bound the defendant over for trial. The judge based his bind-over order on the victim's testimony as opposed to Thomas' interpretation of the victim's statements. As a result, this court finds Defendant Thomas had probable cause to arrest the plaintiff based solely upon KP's statement and her demonstration of what was done to her. Therefore, Defendant Thomas is entitled to summary judgment on plaintiff's § 1983 malicious prosecution claim.

II. <u>Familial Interference Claim</u>

Next, plaintiff asserts a federal claim pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment, specifically familial interference. Plaintiff also asserts a claim for familial interference as a direct violation of the Oklahoma Constitution, specifically Art. 2,

Section 7 (due process). Thomas seeks dismissal of this claim on the basis that the claim is time-barred. Plaintiff's response indicates he is no longer pursuing these claims. Dkt. # 99, n. 1. Accordingly, these claims are hereby dismissed.

III. Oklahoma constitutional claim for malicious prosecution

Plaintiff also brings a claim of malicious prosecution based upon the Oklahoma Constitution Art. 2, Section 30. Plaintiff relies on *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013), in which the Oklahoma Supreme Court recognized a private right of action under Oklahoma Constitution Art. 2, Section 30. Without deciding whether *Bosh* applies to the specific facts of this case,[3] this court finds for the reasons Defendant Thomas was entitled to summary judgment on plaintiff's § 1983 claim for malicious prosecution, Defendant Thomas and the Town of Haskell are entitled to summary judgment on the malicious prosecution claims brought pursuant to Art. 2, Section 30 of the Oklahoma Constitution.

IV. Oklahoma Governmental Tort Claims Act

Finally, plaintiff brings a claim against Defendant Town of Haskell under the Oklahoma Governmental Torts Claims Act, 51 O.S. §§ 151, *et seq*. As discussed above, Defendant Thomas had probable cause to arrest plaintiff. Therefore, Defendant Thomas did not breach a duty of care to plaintiff. Accordingly, Defendant Town is entitled to summary judgment on plaintiff's claim under the Oklahoma Governmental Tort Claims Act.

---

[3]No authority has extended a *Bosh* claim to malicious prosecution.

V. Qualified Immunity

This court has held that Defendant Thomas' conduct did not violate the Fourth Amendment or the Oklahoma Constitution, but even if that were not the case, Thomas would still be entitled to summary judgment based on qualified immunity.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established rights of which a reasonable person would have known.'" *Mullenix v. Luna*, — U.S. —, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015). The Supreme Court has explained that "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, — U.S. —, 134 S.Ct. 2012, 2013, 188 L.Ed.2d 1056 (2014)(citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011)). "Put simply, qualified immunity protects 'all by the plainly incompetent or those who knowingly violate the law.'" *Mullinex,* 136 S.Ct. at 308 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

While it has long been established that omissions of "material" information from an affidavit could give rise to a § 1983 claim for malicious prosecution, *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), where omitted information is immaterial because a magistrate could still have found probable cause, no constitutional violation will be found. Again, based upon the extensive details provided by KP, this court finds no reasonable official would have

8

understood that the statements quoted above were a recantation by KP concerning the abuse which was perpetrated upon her. This is particularly true in light of KP's age. Moreover, there is no direct evidence in the record which suggests that Thomas' actions were malicious. As a result, this court finds plaintiff has failed to establish any conduct by Defendant Thomas which violated the clearly established statutory or constitutional rights of the plaintiff. Accordingly, Defendant Thomas is entitled to qualified immunity for all of the actions he took in regard to obtaining an arrest warrant against the plaintiff.

Conclusion

For the reasons stated herein, Defendant Thomas and Town of Haskell's Motion for Summary Judgment (Dkt. # 91) is GRANTED.

IT IS SO ORDERED this 20th day of June, 2017.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma